IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED
04/20/2025
LAURA A. AUSTIN, CLERK
BY: /s/ Amy Fansler
DEPUTY CLERK

| | |
|---|---|
| VALERIE HORJUS, as Administrator of the ESTATE OF PAMELA, LOWANDE, Deceased, and on Behalf of all Wrongful Death Beneficiaries, | No. 5:25cv00038 |
| Plaintiff, | JURY TRIAL DEMANDED |
| vs. | |
| Michael Stapleton Associates, Ltd., d/b/a MSA Security, | |
| Defendant. | |

## **PLAINTIFF'S COMPLAINT**

AND NOW, comes the Plaintiff, Valerie Horjus, as Administrator of the Estate of Pamela Lowande, Deceased, by and through her undersigned counsel, William H. Newman and the law firm of Oberheiden, P.C., pursuant to Va. Code Ann. § 8.01-50 et. seq., and Virginia statutory and common law, and moves for judgment against the Defendant, Michael Stapleton Associates, Ltd., d/b/a MSA Security ("MSA"), for the following:

## **NATURE OF ACTION**

1. This is a survival and wrongful death action arising out of the death of Pamela Lowande, on April 20, 2023, as a direct and proximate result of the actions and/or omissions by MSA and its employee, Jason Bowen.

2. At all relevant times, MSA was a government contractor for the U.S. Department of Sate Diplomatic Security Service Office of Overseas Protective Operations (DSS OPO), Diplomatic Global Canine Center (DGCC).

3. Pamela Lowande (Ms. Lowande) was Training Coordinator at the USDOS

Diplomatic Security Service Office of Overseas Protective Operations (DSS OPO), Diplomatic Global Canine Center (DGCC).

4. Jason Bowen was an employee of MSA and served as a contractor under MSA at DGCC with the title Deputy Project Manager, Operations. MSA negligently supervised and retained Mr. Bowen, who had a known history of violence and was widely known to be harassing Ms. Lowande, his subordinate.

5. On April 20, 2023, Mr. Bowen murdered Ms. Lowande and her supervisor, Joshua Carter, who was the Canine Operations Manager, Bureau of Diplomatic Security/Overseas Protective Operations at DGCC. The murder occurred at Ms. Lowande's home in Winchester, Virginia – the same city in which the DGCC was located.

6. Mr. Bowen was arrested for their murder on July 5, 2023.

## PARTIES

7. Valerie Horjus ("Plaintiff") is a citizen and resident of the Commonwealth of Pennsylvania.

8. Pamela Lowande died on April 20, 2023, in Winchester, Virginia.

9. Plaintiff is the sister of Ms. Lowande and was appointed as the Administrator of Pamela Lowande's Estate on May 30, 2023, by the Director of the Department of Court Records for Frederick County, Virginia. *See* Exhibit 1.

10. As Administrator of the Estate of Pamela M. Lowande, Plaintiff brings this action pursuant to Va. Code Ann. § 8.01-50 et seq., on behalf of the Estate of Pamela M. Lowande, and all wrongful death beneficiaries, including Ms. Lowande's parents and siblings.

11. At all times relevant hereto, Defendant MSA was acting by and through its agents, servants, and employees, including, without limitation, the individual identified in

Paragraph 4, who was acting within the time, purpose, course, and scope of such relationship at the facility in Winchester, Virginia.

12. Defendant MSA maintains a business address in New York, New York.

13. Defendant MSA was acquired by Allied Universal in 2021. According to the New York State Division of Corporations, the Principal Executive Office Address of Allied Universal is in Irvine, CA. *See* Exhibit 2.[1]

14. The claims herein are brought against MSA pursuant to the Virginia Wrongful Death Statute, Va. Code Ann. § 8.01-50 et. seq., and Virginia common and statutory law, for money damages as compensation for personal injuries and death that form the basis of this Complaint that were proximately caused by the negligent and wrongful acts and omissions of the agents, servants, and/or employees of MSA. The allegations and factual contentions contained herein are likely to have further evidentiary support after a reasonable opportunity for further investigation or discovery.

## JURISDICTION AND VENUE

15. This action is brought pursuant to the Virginia Wrongful Death Act, , Va. Code Ann. § 8.01-50 et. seq., and 28 U.S.C. § 1332(a).

16. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship among the parties: Plaintiff Valerie Horjus is a citizen and resident of Pennsylvania; Defendant MSA is a citizen and resident of the State of New York. Defendant MSA's parent company, Allied Universal, is headquartered in California.

17. The amount in controversy exceeds $75,000.

---

[1] The U.S. Department of State continues until present day to execute contracts with MSA.

18. This Court has jurisdiction over Defendant MSA because it conducted significant business in the Commonwealth of Virginia through its contract with the USDOS facility located there.

## STATEMENT OF CLAIMS

19. Plaintiff incorporates by reference each and every prior and subsequent allegation as though fully set forth herein.

20. Michael Stapleton Associates, Ltd., d/b/a MSA Security has been awarded multiple contracts by the Department of State, including through their Global Canine Services (GCS) division. According to government data (www.usaspending.gov/award), MSA's GCS and veterinary divisions have been awarded contracts in excess of $180 million.

21. Pamela Lowande was an employee of MSA starting in 2016. At the time of her death in 2023, Ms. Lowande was an MSA contract employee with the title of Training Coordinator at the USDOS Diplomatic Security Service Office of Overseas Protective Operations (DSS OPO), Diplomatic Global Canine Center (DGCC). Jason Bowen was also an MSA Contract employee at DGCC. Mr. Bowen held the title Deputy Project Manager, Operations. He was Ms. Lowande's supervisor.

22. In 2020 to 2021, Mr. Bowen pursued a romantic relationship with his subordinate, Ms. Lowande. Mr. Bowen's pursuit of Ms. Lowande violated MSA's Code of Conduct and constituted sexual harassment.

23. After Ms. Lowande ended her relationship with Mr. Bowen, she was romantically pursued by a USDOS employee, Joshua Carter. Mr. Carter was the Canine Operations Manager, Bureau of Diplomatic Security/Overseas Protective Operations at DGCC. Like Mr. Bowen, Mr. Carter held a superior position over Ms. Lowande.

24. There was conflict in the workplace caused by Mr. Bowen's jealousy of Ms. Lowande's relationship with Mr. Carter.

25. Numerous MSA employees knew of the above details and facts and failed to report them at the time.

26. On April 20, 2023, a co-worker discovered Ms. Lowande and Mr. Carter deceased at Ms. Lowande's residence. Both had been killed by multiple gunshot wounds.

27. On July 5, 2023, Jason Bowen was arrested and charged with Ms. Lowande's and Mr. Carter's murders. *See* Bowen Probable Cause Statement, Exhibit 3.

28. MSA is vicariously liable in tort for Ms. Lowande's wrongful death through the actions of its employee, Jason Bowen.

29. Further, MSA had reason to know that its employee, Jason Bowen, was harassing Ms. Lowande. Local investigators interviewed and polygraphed numerous employees of MSA. Investigators reported to Ms. Lowande's family that the MSA employees were all very nervous about losing their high paying jobs because of their knowledge of facts and details about the conflict between Mr. Bowen and Ms. Lowande, and failure to report those facts.

30. An MSA employee named "Tiffany" called Ms. Lowande's family and admitted to knowing of the relationship between Ms. Lowande and her supervisor, Mr. Carter, and acknowledged that Mike Ratcliff (aka "Doc") another MSA contract employee at DOS with the title of "DVM, DS GCC Program Manager, MSA Security Support Contractor," also knew of Ms. Lowande and Mr. Carter's relationship, and the conflict that existed between Ms. Lowande and Mr. Bowen because of that relationship.

31. Mr. Bowen, as Ms. Lowande's supervisor, violated multiple MSA policies and standards by his pursuit of, and negative treatment of, Ms. Lowande.

32. MSA was negligent for its failure to adequately supervise Mr. Bowen, and for its failure to act and protect Ms. Lowande from the "known conflict" that would reasonably be known to lead to harm to Ms. Lowande.

33. Further, MSA negligently retained Mr. Bowen after multiple employees—including managers—became aware of Mr. Bowen's harassment of and hostility toward Ms. Lowande.

34. After Mr. Bowen's arrest, additional facts were revealed.

35. In court testimony, Mr. Bowen's wife Tammy testified that she had hired a private investigator to follow Pam. DOS and MSA employees were aware of this.

36. According to the District Attorney handling the prosecution of Mr. Bowen, numerous employees testified about the "known conflict" between Ms. Lowande and Mr. Bowen, and that nothing was done.

37. The probable cause affidavit describes "known conflict" between Pam and Jason which was a leading motivator for Mr. Bowen to murder Ms. Lowande and Mr. Carter.

38. Ms. Lowande was Mr. Bowen's subordinate. Mr. Bowen committed numerous violations of DOS and MSA policy, standards of conduct, and code of professional responsibility. MSA failed to adequately supervise Mr. Bowen and failed to address the known conflict between him and his subordinate. Ms. Lowande.

## COUNT I
## WRONGFUL DEATH – VICARIOUS LIABILITY

39. Plaintiff incorporates by reference each and every prior and subsequent allegation as though fully set forth herein.

40. Jason Bowen, an MSA employee and the supervisor of Pamela Lowande, has been charged with Ms. Lowande's murder, as well as the murder of Mr. Carter.

41. On information and belief, Mr. Bowen visited the home of his subordinate employee, Ms. Lowande, as part of his employment with MSA, to engage in the same harassment of her that he engaged in daily in the workplace. The dispute between Mr. Bowen, Ms. Lowande, and Mr. Carter was directly related to his workplace conflict with them. During the course of that visit, Mr. Bowen murdered Ms. Lowande and Mr. Carter. Mr. Bowen was acting within the scope of his employment with MSA.

42. Defendant MSA is directly and vicariously liable for the acts, commissions, or omissions of Mr. Bowen.

## COUNT II
## WRONGFUL DEATH – NEGLIGENT SUPERVISION

43. Plaintiff incorporates by reference each and every prior and subsequent allegation as though fully set forth herein.

44. Numerous MSA employees, including other managers, knew that Mr. Bowen had pursued a romantic relationship with his subordinate, Ms. Lowande, and knew that there was conflict in the workplace between Mr. Bowen and Ms. Lowande. MSA and its agents negligently failed to address workplace harassment of Ms. Lowande by Mr. Bowen.

45. MSA negligently failed to provide the level of supervision of Mr. Bowen that a reasonably careful person would under the same circumstances. Moreover, MSA failed to act when it was on notice that Mr. Bowen was harassing Ms. Lowande.

46. Jason Bowen, an MSA employee and the supervisor of Pamela Lowande, has been charged with Ms. Lowande's murder.

47. As Ms. Lowande's supervisor, Mr. Bowen and other MSA supervisors had a responsibility to oversee and prevent harm to those under their care, including Ms. Lowande.

48. Mr. Bowen and other MSA managers, including Mike Ratcliffe, unreasonably

breached the duty of care they owed to Ms. Lowande.

49. As a direct and proximate result of the aforementioned negligent conduct by MSA and its supervisory employees, including Mr. Bowen, Pamela Lowande was murdered by Mr. Bowen, which directly caused emotional distress, financial loss, and other damages.

## COUNT III
## WRONGFUL DEATH – NEGLIGENT RETENTION

50. Plaintiff incorporates by reference each and every prior and subsequent allegation as though fully set forth herein.

51. Negligent retention claims require demonstrating that an employer retained an employee despite knowing or having reason to know the employee was unfit or dangerous, and that the employee's actions caused harm. Essentially, it's about an employer's failure to act on information about an employee's unsuitability, leading to damages.

52. MSA had a duty to reasonably ensure the safety of its employees, which includes addressing concerns about an employee's behavior or fitness for duty.

53. MSA became aware, or should have become aware, of Mr. Bowen's harassment of, and hostility toward, Ms. Lowande but failed to take appropriate action to address Mr. Bowen's conduct.

54. As a direct and proximate result of the aforementioned negligent conduct by MSA and its supervisory employees, including Mr. Bowen, Pamela Lowande was murdered by Mr. Bowen, which directly caused emotional distress, financial loss, and other damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, Valerie Horjus, as Administrator of the Estate of Pamela M. Lowande, deceased, and on behalf of all those entitled by law to recover damages for the

wrongful death of Pamela M. Lowande, identified herein, prays for judgment against the Defendant MSA Security on Count I, and prays for an award of damages pursuant to Virginia's Wrongful Death Act, Va. Code Ann § 8.01-52, as follows:

a. Sorrow, mental anguish, and solace including society, companionship, comfort, guidance, kindly offices and advice of the decedent;

b. Compensation for reasonably expected loss of (i) income of the decedent and (ii) services, protection, care and assistance provided by the decedent;

c. Reasonable funeral expenses; and

d. For such other and further relief as this Court may deem just and proper.

Date: April 20, 2025

Respectfully submitted,

By: /s/ *William H. Newman*
WILLIAM H. NEWMAN, ESQUIRE
Va. Bar No.: 98738
OBERHEIDEN, P.C.
30 Wall Street, Eighth Floor
New York, NY 10005
Tel: 212-970-9468
Fax: 972-559-3365
will@federal-lawyer.com

Counsel for Plaintiff Valerie Horjus